USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/12/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL CARUSO,

                 Plaintiff,

-v-

CITY OF NEW YORK, ROSE GILL HEARN,
WALTER ARSENAULT, DAN BROWNELL,
MARJORIE LANDA, and ROBERT ROACH,

                 Defendants.

------------------------------------------------------------X

No. 06 Civ. 5997 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

    In this action brought by Michael Caruso, a former Inspector General and Assistant Commissioner at the New York City Department of Investigation ("DOI"), he alleges that that he was terminated in retaliation for his grand jury testimony regarding Bernard Kerik, the former Commissioner of the New York City Department of Correction. On September 26, 2013, this Court issued an opinion and order denying Defendants' motion for summary judgment as to Plaintiff's federal and state law retaliation claims and granting it as to his claims of wrongful discharge and defamation. Defendants now move this Court to 1) certify an interlocutory appeal of the September 26th Opinion and Order in accordance with 28 U.S.C. § 1292(b) and 2) stay further proceedings pending resolution of such appeal. In particular, Defendants ask the Court to certify the question of whether "a First Amendment claim can be asserted based on truthful testimony before a grand jury by a DOI inspector general . . . when he allegedly had been instructed by DOI to testify otherwise." (Def.s' Mem. of Law at 1.) For the following reasons, Defendants' motion is denied.

I.  **BACKGROUND**

The Court assumes familiarity with the underlying facts and procedural history of the case, which are described at length in the September 26th Opinion and Order. Caruso v. City of New York, No. 06 Civ. 5997 (RA), 2013 WL 5382206 (S.D.N.Y. Sept. 26, 2013).

II. **DISCUSSION**

Section 1292(b) presents a limited exception to the "basic tenet of federal law" that appellate review should be delayed until final judgment is entered. Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996). Under this provision, a district court may certify for appeal an otherwise non-appealable order when the court concludes that the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b)'s legislative history reveals that although that law was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals. The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation." Koehler, 101 F.3d at 865-66.

Accordingly, the Second Circuit has "repeatedly cautioned[ that] use of this certification procedure should be strictly limited because 'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (quoting Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (second alteration in Klinghoffer)). District courts should thus "exercise great care in making a § 1292(b) certification," Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp., 964 F.2d 85, 89 (2d Cir.

1992), and "retain 'unfettered discretion to deny certification' of an interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met," Gulino v. Bd. of Educ., 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002) (quoting Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999)); see also Analect LLC v. Fifth Third Bancorp, No. 06 Civ. 891 (JFB) (WDW), 2009 WL 2568540, at *3 (E.D.N.Y. Aug. 19, 2009) ("[E]ven assuming *arguendo* that plaintiff had satisfied the statutory requirements, the Court would still deny the [motion for certification] in the exercise of its broad discretion, as this matter does not qualify as the exceptional case where immediate appeal would avoid protracted and expensive litigation." (internal quotation marks omitted)).

After careful consideration, this Court concludes that even assuming that this case meets the statutory criteria, it is simply not the "rare exception" that warrants departure from "the final judgment rule that generally prohibits piecemeal appeals." Scott v. Chipotle Mexican Grill, Inc., No. 12 Civ. 8333 (ALC) (SN), 2013 WL 5782440, at *1 (S.D.N.Y. Oct. 25, 2013) (quoting Ferreira v. Modell's Sporting Goods, Inc., No. Civ. 2395 (DAB), 2013 WL 1344697, at *2 (S.D.N.Y. Mar. 28, 2013)). Discovery is complete and the case is now ready for trial. The "main effect of granting [Defendants'] motion would be to materially delay, rather than materially advance, the ultimate termination of the litigation." Picard v. Katz, 466 B.R. 208, 210 (S.D.N.Y. 2012). As Judge Rakoff noted in denying a certification motion in the Picard case, "[w]hen the trial of this proceeding is completed and final judgment entered, just a few months from now, an appellate court will be able to review, on a full record, not just . . . [this] ruling[] of which the [Defendants] now complain[], but all relevant rulings . . . ." Id.

Moreover, the litigation to follow—namely, a trial regarding retaliation claims brought by one former government employee—cannot be characterized as protracted or unusually expensive. See, e.g., Panzirer v. Wolf, No. 79 Civ. 3445, 1980 WL 1395, at *6-7 (S.D.N.Y. Apr.

21, 1980) (denying § 1292(b) motion and noting that "certification is proper only under the most unusual circumstances where the immediate appeal might avoid protracted and costly litigation" (quoting United States v. Int'l Bus. Machines Corp., 406 F. Supp. 184, 185-86 (S.D.N.Y. 1975)); Weber v. Bartle, 272 F. Supp. 201, 205 (S.D.N.Y. 1967) ("[T]his case does not appear, at present, to be the sort of big and expensive case where an *unusual* amount of time and money may be expended in the pre-trial phases of the case or where the trial itself is likely to be long and costly." (internal quotation marks omitted)); Bobolakis v. Compania Panamena Maritima San Gerassimo, S. A., 168 F. Supp. 236, 239-40 (S.D.N.Y. 1958) (denying motion for certification under § 1292(b) because court had "been shown nothing to indicate that this case is at all exceptional, except in that it involves an important legal question."). Accordingly, this is simply not a case with such "exceptional circumstances . . . [so as to] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Flor, 79 F.3d at 284 (internal quotation marks omitted).

### III.   CONCLUSION

Defendants' motion for an order certifying the Court's September 26th Opinion and Order for interlocutory appeal and for a stay is denied.

A telephone conference has been scheduled for December 16, 2013 at 4:00 p.m. The parties shall jointly call Courtroom Deputy Allison Cavale at (212) 805-0162 at that time.

The Clerk of Court is respectfully directed to close the motion at docket number 116.

SO ORDERED.

Dated:      December 12, 2013
            New York, New York

Ronnie Abrams
United States District Judge